**UNITED STATES of America,
Appellant,**

v.

**Raymond L. GOODMAN, Appellee.**

**No. 18284.**

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1960.

Rehearing Denied Feb. 16, 1961.

Roger G. Connor, Rufus D. McLean, Dept. of Justice, Washington, D. C., E. Coleman Madsen, U. S. Atty., Miami, Fla., Malcolm Richard Wilkey, Asst. Atty. Gen., Donn E. Garvey, Atty., Dept. of Justice, Washington, D. C., for appellant.

Robert B. Thompson, Gainesville, Ga., Marvin W. Lewis, Shorenstein & Lewis, Miami Beach, Fla., for appellee, Raymond L. Goodman.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

The district court sustained the defendant's motion to dismiss an eight-count indictment and the United States appeals.[1]

The first five counts charge violations of the mail fraud statute, 18 U.S.C.A. § 1341. Counts 6 and 7 charge violations of the criminal bankruptcy statute, 18 U.S.C.A. § 152, and Count 8 charges a violation of the conspiracy statute, 18 U.S.C.A. § 371.

■■ The defendant first attacks the indictment as a whole for misjoinder of offenses. We think that there was no such misjoinder under Rule 8(a), Federal Rules of Criminal Procedure.[2] We need not elaborate, for whether there was a violation of Rule 8(a), or any other prejudicial joinder of offenses, the proper relief, especially under the circumstances of this case, is not to dismiss the entire indictment but to order an election or separate trial of counts. Rule 14, Federal Rules of Criminal Procedure; Finnegan v. United States, 8 Cir., 1955, 204 F.2d 105, 109.

■ The defendant complains also that many of the counts contain preju-

dicial surplusage. Again, however, motion to strike the surplusage, rather than dismissal of the entire count, is the appropriate remedy. Rule 7(d), Federal Rules of Criminal Procedure; United States v. Hood, 5 Cir., 1953, 200 F.2d 639, 642.

■ The criticism of each of the first five counts is the same as that answered by the Second Circuit in United States v. Guest, 1935, 74 F.2d 730, 731:

"It is also argued that the indictment fails to charge that the defendant caused the letter to be delivered 'according to the direction thereon.' This is without substance. The indictment charges that he caused the letter 'to be delivered,' and there is a presumption of delivery to the addressee. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861."

In Hagner v. United States, 1932, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, the Supreme Court replied to a like criticism made after verdict on motion in arrest of judgment. While the Court properly left open the question of whether the indictment would have been subject to challenge at an earlier stage of the case, the rationale of the opinion goes to show that the first five counts of the present indictment are sufficient, especially so since they were returned after the adoption of the Federal Rules of Criminal Procedure, designed to eliminate technicalities in criminal pleading.[3] The first five counts meet the test of sufficiency prescribed in the Debrow case, supra, note 3.

■ Count 6 is duplicitous, that is, it joins in the same count two distinct of-

1. As permitted by 18 U.S.C.A. § 3731.

2. "(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or

transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 18 U.S.C.A.

3. See United States v. Debrow, 1953, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92.

fenses. Paragraph number 3 of that count alleges:

"3. That * * * Raymond L. Goodman, while an officer of said Harold Corporation, in contemplation of bankruptcy proceedings by or against the said Harold Corporation, and with intent to defeat the bankruptcy laws of the United States, did knowingly and fraudulently transfer and conceal and convert to his own personal use, assets of the said Harold Corporation, to-wit, the assets represented by monies of the said corporation falsely and fraudulently credited to the account on the books and records of the said Harold Corporation entitled 'Jeri Bolton', in violation of 18, U.S.C. 152, Par. 6."

Paragraph 5 of the same count charges:

"5. That * * * the defendant Raymond L. Goodman transferred out of the Harold Corporation, converted to his own use and concealed from the officers of the bankruptcy court charged with securing and liquidating the assets of the said Harold Corporation, assets of the Harold Corporation represented by the following: * * *."

Thus, Count 6 charges one offense committed in contemplation of bankruptcy as defined in paragraph 6 of Section 152, Title 18, U.S.C.A.; and another offense committed after bankruptcy as defined in paragraph 1 of the same section. This error would, however, be harmless[4] if the United States were required to elect upon which charge it would proceed. The entire count should not be dismissed when a less drastic ruling will suffice.[5]

■ We do not think that Count 6 was made duplicitous by the use of the language "transfer and conceal and convert." See Somberg v. United States, 7 Cir., 1934, 71 F.2d 637; Wolpa v. United States, 8 Cir., 1936, 86 F.2d 35.

■ The defendant further criticizes Count 6 for using the word "assets" instead of the statutory word "property," and contends that "assets" has a broader meaning than "property." However, where "assets" is used in the count, it is in each instance described or limited by such a phrase as "represented by monies of the said corporation" or "represented by the following: [followed by a complete description of various checks]." Clearly, as so limited or described, "assets" is the legal equivalent of "property."

■ Count 7 also charges a violation of the criminal bankruptcy statute, 18 U.S.C.A. § 152, par. 6. It alleges the fraudulent transfer of "the assets represented by the aforesaid 99-year lease held by the said Harold Corporation on the Cadillac Hotel, Miami Beach, Florida." To contend that the words "represented by" have no legal meaning is, we think, hypercritical; and Count 7 is sufficient.

■ Count 8, the conspiracy count, named Robert L. Strauss as a co-defendant with Goodman. That count has been fully treated in the case of United States v. Strauss, 5 Cir., 283 F.2d 155. It was there held that Count 8 is sufficient to the extent that it charges a conspiracy to commit offenses against the Bankruptcy Act, but insufficient to show a conspiracy to violate the Mail Fraud Statute, and that the presence of the surplusage does not justify dismissal of the entire count. We adopt that opinion as to the charge of Count 8 against Goodman.

The judgment dismissing all eight counts of the indictment as against Goodman is accordingly reversed and the cause remanded.

Reversed and remanded.

4. See Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.

5. See Rule 2, Federal Rules of Criminal Procedure; United States v. Werner, D.C.E.D.Pa.1918, 247 F. 708, 711; United States v. Charney, D.C.D.Mass. 1942, 50 F.Supp. 581, 583.