**UNITED STATES of America, Appellee,**

**v.**

**Joseph SAVAGE, Defendant-Appellant.**

**No. 413, Docket 26063.**

United States Court of Appeals Second Circuit.

Argued June 19, 1961.

Decided June 30, 1961.

Edward Q. Carr, Jr., New York City (Anthony F. Marra, New York City, on the brief), for defendant-appellant.

Alfred Donati, Jr., Asst. U. S. Atty., S. D. N. Y., New York City (Robert M. Morgenthau, U. S. Atty., and Arthur I. Rosett, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK and SMITH, Circuit Judges, and DAWSON, District Judge.

PER CURIAM.

Here the trial judge, sitting without a jury and acting on clear evidence that defendant had possession of heroin, used the statutory inference permitted from possession to find that the drug had been illegally imported into the United States and that the statute 21 U.S.C. § 174 had been violated. There have been too many cases sustaining this or a like inference as reasonable and rational for us now to hold it invalid. Yee Hem v. United States, 268 U.S. 178, 184, 45 S.Ct. 470, 69 L.Ed. 904; Casey v. United States, 276 U.S. 413, 418, 48 S.Ct. 373, 72 L.Ed. 632; United States v. Moe Liss, 2 Cir., 105 F.2d 144, 146; Velasquez v. United States, 10 Cir., 244 F.2d 416, 419; Cellino v. United States, 9 Cir., 276 F.2d 941, 943–946; Walker v. United States, 5 Cir., 285 F.2d 52, 58–60.

We are indebted to assigned counsel and to the New York Legal Aid Society for ably protecting the rights of the accused.

Conviction affirmed.