**UNITED STATES of America,**
**Appellee,**

**v.**

**Charles GIBSON, Rayburn Hillary and**
**Delmo Walters, Appellants.**

**No. 95, Docket 27369.**

United States Court of Appeals
Second Circuit.

Argued Oct. 25, 1962.

Decided Nov. 16, 1962.

Leon B. Polsky, New York City (Anthony F. Marra, New York City, on the brief), for appellants Charles Gibson and Rayburn Hillary.

Robert S. Kreindler, New York City, for appellant Delmo Walters.

T. F. Gilroy Daly, Asst. U. S. Atty. Southern District of New York, New York City (Vincent L. Broderick, U. S. Atty. Southern District of New York and Arthur I. Rosett, Asst. U. S. Atty., on the brief), for appellee.

Before LUMBARD, Chief Judge, and SWAN and MOORE, Circuit Judges.

LUMBARD, Chief Judge.

 Judge Weinfeld, sitting without a jury, found the defendants Gibson and Walters guilty under 21 U.S.C. §§ 173, 174 of three substantive counts of selling illegally imported narcotics known to be illegally imported, and of a conspiracy count. Each was sentenced to four concurrent five-year terms. Hillary was convicted under 21 U.S.C. § 176a [1] of receiving and concealing marihuana which was illegally imported and known to be illegally imported, and was sentenced to an

---

[1]. Count four also charges violation of 26 U.S.C. § 4755. Charging of two offenses in one count is erroneous duplicity. Rule 8(a) of the Federal Rules of Criminal Procedure; United States v. Shackelford, 180 F.Supp. 857 (S.D.N.Y.1957), but since the government apparently did not offer evidence as to violation of that statute, and the trial court did not convict on that basis, and since there is no showing that the defendant could possibly have been prejudiced by the misjoinder, we consider the error as harmless. Rule 52(a), Federal Rules of Criminal Procedure.

indeterminate term as a youth offender. At the end of the government's proof, the court dismissed as to Hillary the two other counts under which he was charged, a substantive count and a conspiracy count. Each defendant appeals from his conviction; finding no error, we affirm.

On October 5, 1961, federal narcotics agents Jackson and Peterson, posing as purchasers of narcotics, telephoned and then visited Gibson in a room which he shared with Hillary at the Hotel Oxford at 545 West 112th Street, Manhattan. They arranged to purchase one-half ounce of heroin for $175. Gibson then took the agents to Walters' apartment, located on West 111th Street, where agent Jackson was admitted. Walters gave the heroin to Jackson who paid him.

The October 5th procedure was repeated on October 16th when the agents purchased an ounce of heroin and arranged for the purchase of an additional four ounces. On October 19th the agents again called Gibson, asked him to increase the order to nine ounces for a total price of $3,150, and arranged to meet Gibson that evening on the corner of 116th Street and Eighth Avenue. They picked up Gibson and later went to the hotel where Hillary was waiting. While they were waiting for Walters to arrive with the heroin, Hillary smoked two marihuana cigarettes, gave one to Gibson and offered some to the agents, who declined. Walters finally arrived and delivered the heroin to Peterson. After testing the heroin the agents then arrested all three defendants and found fourteen envelopes containing marihuana in a dresser drawer, which Hillary admitted he had "on consignment."

Judge Weinfeld expressly found, as to all three defendants, that the heroin and marihuana were illegally imported into the United States and that each defendant knew of such illegal importation. Gibson and Hillary contend that the trial judge improperly placed upon them the burden of proving lack of illegal importation or lack of knowledge of same. We do not agree.

The statutes, 21 U.S.C. § 174 (narcotic drugs), and 21 U.S.C. § 176a (marihuana) each provide:

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug (marihuana), such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

The requirement of persuading the trier of fact beyond a reasonable doubt remains on the government throughout the trial. The statutory presumption just quoted merely shifts the burden of going forward to the defendant. United States v. Mont, 306 F.2d 412, 416 (2 Cir., 1962).

In this case, the government proved actual possession on the part of Walters and Hillary, and Judge Weinfeld found, and we think properly, that Gibson had constructive possession as he was "sufficiently associated with the [person—Walters] * * * having physical custody so that he [was] * * * able, without difficulty, to cause the drug to be produced for a customer." United States v. Hernandez, 290 F.2d 86, 90 (2 Cir., 1961). Gibson and Hillary both took the stand and claimed they did not know the source of the narcotics. Gibson, in response to questions by his counsel, testified that he did not know the source of the heroin delivered by Walters. Hillary testified that he purchased the marihuana from a man named Tom on Broadway, but other than that, he had no knowledge of its source. No other proof of the source of the heroin and marihuana was offered. Judge Weinfeld found as follows as to Gibson and Hillary (Differences as to Hillary included in parentheses):

"After observing the defendant (during the course of his testimony) the Court, upon all the evidence, including the reasonable inferences permissible by virtue of the defendant's possession of the heroin (marihuana) and his failure satisfactorily to explain such possession, finds that

the heroin (marihuana) was illegally imported and brought into the United States and that Gibson (the defendant [Hillary]) knew of such illegal importation."

The statutory presumption allows the jury to find all the elements of the crime charged and to convict from the fact of possession unless explained to its satisfaction. Of course, Judge Weinfeld was not required to believe the testimony of Gibson and Hillary, that they had no knowledge of the original source of the heroin and marihuana. In fact, the furtiveness of the operation and the price of the drugs gave Judge Weinfeld ample reason not to accept their explanation.

 It is well settled that the inferences upon which the statutory presumption in 21 U.S.C. § 174 (heroin) is based are reasonable, and that the statute is constitutional. See Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925); United States v. Savage, 292 F.2d 264 (2 Cir., 1961) and cases cited therein. Hillary contends that marihuana can be grown in the United States and, therefore, there is no rational connection between the possession of marihuana and illegal importation and knowledge thereof. He distinguishes Caudillo v. United States, 253 F.2d 513 (9 Cir. 1058), where the Ninth Circuit upheld the marihuana statute here in question on the ground that the evidence there showed that the marihuana was imported. However we do not rely on Caudillo. This record does not contain any information as to the amount of marihuana grown in the United States, nor are we referred to any authority on the subject. We have no reason to believe, on the basis of this record, that Congress' enactment of the presumption in § 176a with regard to marihuana is any less reasonable than that in § 174 with respect to narcotic drugs.

 Walters' appeal raises two questions. We do not agree with his contention that the indictment was based on an inadequate and hearsay presentation to the grand jury, but even if it were, this challenge is disposed of by Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 755 (1956). Secondly, Walters claims that the government erred in failing to produce the chemist's report under 18 U.S.C. § 3500. The chemist testified from his own knowledge and from his own notes. If the defendant really thought that some other report was relevant, he could have subpoenaed it and could have asked for a continuance for that purpose which he failed to do. With both co-defendants conceding the government's story as to the delivery of the heroin on October 20th, it is impossible to see how lack of this report could have been prejudicial.

We affirm all three convictions.