**Tillman OVERSTREET, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19885.**

United States Court of Appeals
Fifth Circuit.

Aug. 5, 1963.

Rehearing Denied Sept. 12, 1963.

M. Gabriel Nahas, Jr., Houston, Tex., for appellant.

Frederick J. Morton, Asst. U. S. Atty., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., M. H. Raney, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before HUTCHESON, Circuit Judge, LUMBARD, Chief Judge,* and BROWN, Circuit Judge.

LUMBARD, Chief Judge.

Tillman Overstreet appeals from a judgment of conviction and a sentence of twelve years after trial before Judge Thomason and a jury in the District Court for the Western District of Texas for conspiring to "receive and conceal [Marihuana], and to facilitate the transportation and concealment, after importation, of said Marihuana, knowing the same to have been [imported illegally]" in violation of 21 U.S.C. § 176a. The two questions raised are whether Overstreet was prejudiced by the action of the court in severing part of the count on which

he was convicted, and whether there was sufficient evidence to support the jury's verdict. We affirm.

Overstreet and eight others were charged in the first count of a four-count indictment, filed December 11, 1961, with conspiracy to violate 21 U.S.C. § 176a and 26 U.S.C. § 4744(1),[1] both laws relating to marihuana. The parts of the first count pertinent to Overstreet's claim of error read:

"THE GRAND JURY CHARGES:

"That commencing prior to May 18, 1961, and continuing thereafter until on or about November 1, 1961, in El Paso County, Texas, within the El Paso Division of the Western District of Texas, JOSE CARLOS INGLADA, AUGUSTIN ALEJANDRO ARIZA, DANIEL ROMANOFF, LARRY BOYKIN, LEON KENNETH BAILEY, ERNEST HUNT, ALBERT ABDALLA, THELMA LAW and TILLMAN OVERSTREET, conspired, with intent to defraud the United States of America, to knowlingly and clandestinely introduce into the United States, Marihuana, which had not been invoiced as required by law, and to receive and conceal, and to facilitate the transportation and concealment, after importation, of said Marihuana, knowing the same to have been imported and brought into the United States contrary to law and without having been invoiced as required by law, in violation of Section 176(2) of Title [21] 2, United States Code, and further, to acquire and obtain Marihuana, by transfer, from some person or persons to your Grand Jurors unknown, without having paid the transfer tax imposed thereon by law, in violation of Section 4744(1) of Title 26, United States Code * *."

---

* Of the Second Circuit, sitting by designation.

1. Both parties refer to this section as 4744(1) although it seems clear that they meant § 4744(a).

Overstreet was named in four of the thirty-two overt acts which were then set out.

■ We hold that the indictment in this case is not duplicitous as count one alleges only one offense, the conspiracy. The fact that the alleged conspiracy includes the violation of more than one federal statute does not make it duplicitous. Williams v. United States, 238 F.2d 215, 218 (5 Cir. 1956), cert. denied, 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957); Masi v. United States, 223 F.2d 132 (5 Cir.), cert. denied, 350 U.S. 919, 76 S.Ct. 208, 100 L. Ed. 805 (1955). Of course, where two substantive offenses are named in the same count there is duplicity as was the case in United States v. Goodman, 285 F.2d 378, 380 (5 Cir. 1960). See also United States v. Gibson, 310 F.2d 79, 80 fn. 1 (2 Cir. 1962). But even when there is such an erroneous misjoinder of offenses, there can be no reversal of a conviction unless the duplicity is harmful, Rule 52(a), Federal Rules of Criminal Procedure; see United States v. Gibson, supra.

The grand jury, presumably guided by its counsel the United States Attorney, failed to avoid the dilemma which Chief Judge Tuttle pointed out in Williams v. United States, supra, where the indictment alleged a conspiracy to violate seven federal statutes, the one misdemeanor statute carrying a lesser penalty. In the instant case, guilt for conspiracy to violate 21 U.S.C. § 176a carries with it a minimum five-year sentence and a maximum twenty-year sentence and a fine of $20,000 for a first offense, whereas guilt for conspiracy to violate 26 U.S.C. § 4744(a), failing to pay the required tax, carries with it a minimum jail sentence of two years and a maximum of ten years and a fine of $20,000. See 26 U.S.C. § 7237(a) as amended in 1956. The problem in Williams v. United States,

supra, as well as in United States v. Shackelford, 180 F.Supp. 857 (S.D.N.Y. 1957) involved the length of the sentence for a single conspiracy to violate two separate statutes.

Such an issue did not arise in the instant case since the dilemma presented by the grand jury was resolved. Before the trial commenced the United States Attorney moved to sever "from this trial" the portion of count one which referred to 26 U.S.C. § 4744(1). While defense counsel at first consented, he changed his mind a few minutes later and objected although he gave no reason for doing so.

■ It is clear that an indictment may not be amended except by resubmission to the grand jury. Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887). But the Supreme Court has held that withdrawing a part of a charge from the consideration of the jury does not work an amendment of the indictment, Salinger v. United States, 272 U. S. 542, 548–549, 47 S.Ct. 173, 71 L.Ed. 398 (1962), provided nothing is thereby added to the indictment. See United States v. Norris, 281 U.S. 619, 622, 50 S.Ct. 424, 74 L.Ed. 1076 (1930); United States v. Ballard, 322 U.S. 78, 88, 90–91, 64 S.Ct. 882, 88 L.Ed. 1148 (1944) (Stone, C. J., dissenting). The "severance" which occurred in this case was not an amendment which added any charges to the indictment and was therefore proper.

■ Nor does it avail Overstreet to point out that count one was otherwise treated as to certain other co-defendants. When the case was called for trial, seven of Overstreet's co-defendants pleaded guilty to the conspiracy count as well as to substantive counts which did not name Overstreet.[2]

2. Defendant Augustin Alejandro Ariza was a fugitive during the trial and so far as we know, still is. Each of the remaining seven defendants pleaded guilty as follows:

Inglada—count 4.
Romanoff—count 1, conspiracy to violate only 26 U.S.C. § 4744(1) and count 4.

These pleas of guilty in no way modified the charge against Overstreet. He still stood accused of conspiracy to violate § 176a. It was proper for the district judge to "sever" count one as the United States Attorney suggested and to dispose of the charges against each defendant according to the pleas of guilty which were thereafter entered. Even had they been prejudiced by this course —which none of them has even claimed so far as we know—Overstreet may not be heard to complain about any improper disadvantages which may have been incurred by them.

Whether the severance of part of count one leaves remaining anything on which Overstreet could later be further prosecuted is a question with which we need not deal unless and until that extremely unlikely event comes to pass.

■ In a supplemental brief filed May 23, the day when this appeal was argued, Overstreet raised for the first time a second contention that there was insufficient evidence for the case to go to the jury and that the district judge erred in denying his motion for acquittal at the end of the government's case. We have studied the record of the trial and conclude that the contention is without merit. The proof against Overstreet was overwhelming; it included, in addition to evidence given by a co-conspirator, a full and complete confession by Overstreet made immediately after his arrest. The assertion that the fruits of the arrest and search of Overstreet may not be used in separate proceedings in different districts is obviously insubstantial from its mere statement.

The judgment of conviction is affirmed.

Boykin—count 1, conspiracy to violate only 26 U.S.C. § 4744(1) and count 4.
Bailey—count 1, conspiracy to violate only 26 U.S.C. § 4744(1) and count 4.
Hunt—count 1, conspiracy to violate only 26 U.S.C. § 4744(1) and count 4.

JOHN R. BROWN, Circuit Judge (dissenting).

I respectfully dissent.

While I am in full agreement with the Court's opinion that the evidence of guilt was overwhelmingly established, that Overstreet did not, and could not have sustained any harm from the manner in which the trial Court disposed of the cases of his codefendants and that the sentence imposed here was within the maximum permitted under 21 U.S.C.A. § 176a, so that from the part of the indictment remaining after the "severance" resorted to by the Court to correct the ambiguities of the indictment, Overstreet suffered no injury, I think the case must nevertheless be reversed.

Neither the District Judge nor the United States Attorney is the Grand Jury. Neither can determine what the Grand Jury *might* have done. Each is bound by what the Grand Jury has done. Here the conspiracy charges the violation of two different laws, one having a greater maximum punishment than the other for precisely the same actions. Obviously the Grand Jury could not have intended that contradictory result. Then what did the Grand Jury intend? Was the offense to be the one with the greater punishment—as selected by the District Attorney and the Court? Or was it to be the one with the lesser punishment— the one the District Court "severed" on motion of the Government?

We now are recently reminded that the indictment by a Grand Jury serves more than the substantive office of (a) advising the accused of the crime charged, and (b) identifying clearly the crime charged to prevent double jeopardy. A major role is the protection of the citizen against the charge of crime. Since no one can now tell whether the Grand Jury would have indicted Overstreet for

Law—count 1, conspiracy to violate only 26 U.S.C. § 4744(1).
Abdalla—count 1, conspiracy to violate only 21 U.S.C. § 176a and count 4.

the greater offense alone, the Court lacked the power to make the choice which was initially that of the Grand Jury. Russell v. United States, 1962, 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240; Smith v. United States, 1959, 360 U.S. 1, 9, 79 S.Ct. 991, 3 L.Ed.2d 1041; Hattaway v. United States, 5 Cir., 1962, 304 F.2d 5, 12; Van Liew v. United States, 5 Cir., 1963, 321 F.2d 664. The vital function of the Grand Jury ought not to be whittled down to extricate prosecutors from the consequences of slovenly draftsmanship.

I therefore respectfully dissent.