**UNITED STATES of America, Appellee,**

v.

**James DEVENERE, Defendant-Appellant.**

**No. 406, Docket 28727.**

United States Court of Appeals Second Circuit.

Argued April 9, 1964.

Decided May 15, 1964.

Philip J. Ryan, Jr., Asst. U. S. Atty., Southern Dist. of New York, New York City (Robert M. Morgenthau, U. S. Atty., and Andrew T. McEvoy, Jr., Asst. U. S. Atty., on the brief), for appellee.

Leon B. Polsky, Legal Aid Society, New York City (Anthony F. Marra, New York City, on the brief), for defendant-appellant.

Before SWAN, MOORE and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

James Devenere appeals *in forma pauperis* from a conviction and sentence as a second narcotics offender for violation of 21 U.S.C. §§ 173, 174 on trial to the court, jury waived, in the United States District Court for the Southern District of New York, Dudley B. Bonsal, District Judge.

Appellant attacks the validity of his arrest and the seizure of evidence, and conviction on possession alone, without a special finding of receiving or conceal-

ing the narcotic. We find no error and affirm the conviction.

Two agents, who had talked with defendant and knew his voice, listened in the hallway at the door of his apartment to conversation within. They heard defendant say that he had paid $450 for the "stuff" and wanted to get his money back. Another voice, not recognized, asked to see the stuff and then said "it looked short in weight."

The door of the apartment was then opened from the inside and a man came out. On seeing the Agents he yelled "It's the cops" and tried to escape but was seized by one of the Agents. The other Agent put his foot against the door and prevented defendant from closing it. While it was open and before he entered, the Agent saw a glassine bag which was seized by him after he entered the apartment. It was stipulated that a Government chemist, if called as a witness, would testify that the glassine bag contained the amount of heroin charged in the indictment. At Agent Gallagher's entry defendant tried to grab the bag but the Agent seized it and arrested him. There were two other persons in the apartment, defendant's wife, who appeared to be under the influence of narcotics, and "Red," a man known to the Agents, who was either asleep or unconscious.

The overheard conversation concerning narcotics and the observation of the familiar glassine bag in the apartment were sufficient foundation for a reasonable belief that a narcotics offense was being committed in the presence of the Agents, and justified arrest without warrant. 26 U.S.C. § 7607(2). United States v. Wai Lau, 329 F.2d 310, 311 (2 Cir. 1964). The fact that the search and seizure may have preceded by a few moments the formal announcement of the arrest is vital. United States v. Boston, 330 F.2d 937, 939 (2 Cir. 1964).

It is too late in the day to question the validity of the inference of il-

legal importation of heroin and knowledge thereof from the fact of possession. There is no more reason to doubt the validity of the inference of the other elements, transportation or attempted concealment in the Southern District, in this case, when the possession was within the District. The statute provides that possession "shall be deemed sufficient evidence to authorize conviction" unless explained. United States v. Gibson, 310 F.2d 79 (2 Cir. 1962); United States v. Savage, 292 F.2d 264 (2 Cir. 1961) and cases cited therein.

■ There was a general finding of guilty, with no request for detailed findings. No special findings are therefore necessary. F.R.Crim.Proc. 23(c). Judgment affirmed.