**UNITED STATES of America, Appellee,**

v.

**W. Baldwin DROMS, Appellant.**

**No. 579, Docket 76–1232.**

United States Court of Appeals, Second Circuit.

Argued Jan. 5, 1977.

Decided Feb. 25, 1977.

---

Thomas E. De Lorenzo, Schenectady, N.Y. (Parisi, De Lorenzo, Gordon & Pasquariello, Schenectady, N.Y., of counsel), for appellant.

Thomas P. O'Sullivan, Asst. U.S. Atty., Albany, N.Y. (Paul V. French, U.S. Atty., Northern District of New York, Albany, N.Y., of counsel), for appellee.

Before MOORE, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

This appeal is from a judgment of conviction for violation of 26 U.S.C. § 7206(1), entered after a jury trial in the United States District Court for the Northern District of New York, James T. Foley, *Chief Judge.* Appellant was charged in a one-count indictment with willfully subscribing, under penalty of perjury, a statement of financial information in connection with an Internal Revenue Service settlement, know-

ing the statement to be false in two material respects: (1) as to the income report and (2) as to whether appellant had disposed of an asset worth $500 or more for less than full value between the beginning of the taxable period in dispute and the date of the statement. Objection was made at trial and is made on appeal that evidence as to one of the two alleged falsifications—disposition of an asset—was insufficient, since the asset in question, a stock certificate, was never delivered and hence not transferred under N.Y.U.C.C. §§ 8–309, –313 (McKinney 1964). *See Wolder v. Commissioner,* 493 F.2d 608, 613 & n.5 (2d Cir.), *cert. denied,* 419 U.S. 828, 95 S.Ct. 49, 42 L.Ed.2d 53 (1974). No objection has been made here or below, however, to the court's charge to the jury that it could convict if it found that defendant had falsified the financial statement in either one of the two ways charged in the indictment. We affirm the judgment.

■ An indictment is invalidly duplicitous when it joins in a single count two or more distinct, separate offenses. *United States v. Gibson,* 310 F.2d 79, 80 n.1 (2d Cir. 1962); *United States v. Starks,* 515 F.2d 112, 116 (3d Cir. 1975). But Fed.R.Crim.P. 7(c)(1) permits allegation in a single count that an offense has been committed in a multiplicity of ways; such a count is not duplicitous. *See* 1 C. Wright, *Federal Practice and Procedure* § 142, at 307–10 (1969). It has been held, for example, that an indictment charging both "accepting" and "receiving" wagers in one count is not improper. *United States v. Conti,* 361 F.2d 153, 157–58 (2d Cir. 1966), *vacated on other grounds,* 390 U.S. 204, 88 S.Ct. 899, 19 L.Ed.2d 1035 (1968); *Driscoll v. United States,* 356 F.2d 324, 331–32 (1st Cir. 1966), *vacated on other grounds,* 390 U.S. 202, 88 S.Ct. 899, 19 L.Ed.2d 1034 (1968). Thus, had this indictment charged alternatively that appellant had violated the law either by falsely saying he had not disposed of the asset or by falsely omitting to mention that

he retained the asset, it clearly would not have been duplicitous. *See United States v. Conti, supra,* 361 F.2d at 158 ("[c]harging alternative ways of violating a statute in the conjunctive is permissible").

■ The alternative falsifications charged here, however, required entirely different proof as to the two matters alleged, even though the crime as to both was willfully making "any return, statement, or other document" that the maker does not believe to be correct "as to every material matter." 26 U.S.C. § 7206(1). But because no objection or request to elect was made we need not decide whether the indictment was duplicitous.[1] An objection to duplicity is waived if not raised before trial or, at the least, before verdict. *See, e. g., United States v. Galgano,* 281 F.2d 908, 911 (2d Cir. 1960), *cert. denied,* 366 U.S. 960, 81 S.Ct. 1916, 6 L.Ed.2d 1253 (1961); *United States v. Costner,* 359 F.2d 969, 974 (6th Cir. 1966); 1 C. Wright, *supra,* § 145, at 335–36.

■ Nor need we decide whether the evidence was sufficient to go to the jury on the asset-disposal question. "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, as [appellant's] indictment did, the verdict stands if the evidence is sufficient with respect to any one of the acts charged." *Turner v. United States,* 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970); *see United States v. Conti, supra,* 361 F.2d at 158. Here it is undisputed that the evidence was sufficient to sustain the charge that appellant understated his income.

Judgment affirmed.

TIMBERS, Circuit Judge, concurring in part and dissenting in part:

I concur in the judgment of affirmance on the ground that, when a jury returns a general verdict of guilty on an indictment charging several acts in the conjunctive, the verdict stands if the evidence is sufficient

---

1. Duplicity, of course, is only a pleading rule and would in no event be fatal to the count. *Reno v. United States,* 317 F.2d 499, 502 (5th Cir.), *cert. denied,* 375 U.S. 828, 84 S.Ct. 72, 11 L.Ed.2d 60 (1963); 1 C. Wright, *Federal Practice and Procedure* § 142, at 311 (1969).

with respect to any of the acts charged, as it was here with respect to the charge that Droms had understated his income. *Turner v. United States*, 396 U.S. 398, 420 (1970); *United States v. Conti*, 361 F.2d 153, 158 (2 Cir. 1966) (Moore, J.), *vacated on other grounds*, 390 U.S. 204 (1968).

Since in my view no more is needed to justify affirmance of the judgment of conviction, I respectfully dissent from the balance of the opinion which, being largely dictum, is without precedential force.