UNITED STATES of America,

v.

James **MOORE**, Russell Amsden, a/k/a "Hymo", Bart T. Mazzara, Frank Grisanti, a/k/a "Chickie Botts", Nicholas A. "Sonny" Mauro, Defendants.

No. 91–CR–230A.

United States District Court, W.D. New York.

Nov. 13, 1992.

Dennis C. Vacco, U.S. Atty. (Anthony M. Bruce, Asst. U.S. Atty., of counsel), Buffalo, NY, for U.S.

Matusick, Spadafora & Verrastro (John Humann, of counsel), Buffalo, NY, for defendant Moore.

Boreanaz, Carra & Boreanaz (Harold J. Boreanaz, of counsel), Buffalo, NY, for defendant Mauro.

ARCARA, District Judge.

This matter was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1)(B), for report and recommendation on defendant Moore's motion to dismiss Counts I and II of the Indictment and motion to suppress, and defendant Mauro's motion to dismiss the Indictment. Magistrate Judge Foschio filed a Report and Recommendation on October 20, 1992 denying defendants' motions.

 This Court, having carefully reviewed Magistrate Judge Leslie G. Foschio's Report and Recommendation, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed to the Magistrate Judge's Report in the above-captioned matter, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), the Magistrate Judge's Report and Recommendation is accepted in its entirety.

IT IS FURTHER ORDERED that the parties shall appear in Part II of this Court at 9:00 a.m. on November 23, 1992 for a status conference.

IT IS SO ORDERED.

## REPORT and RECOMMENDATION

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This matter was referred to the undersigned by the Hon. Richard J. Arcara on October 17, 1991. The matter is presently before the court for report and recommendation on Defendant Moore's motion to dismiss Counts One and Two of the Indictment, Defendant Moore's motion to suppress any information procured through electronic eavesdropping in a vehicle belonging to Leonard Falzone, and Defendant Mauro's motion to dismiss the Indictment on the ground that the Indictment against him was returned in violation of his constitutional right to a fair and impartial grand jury.

### BACKGROUND and FACTS

Defendants were indicted in a fourteen count indictment on October 3, 1991 charging violations of 18 U.S.C. § 1962(c) and (d), 18 U.S.C. § 1963, 18 U.S.C. § 892, 18 U.S.C. § 894, 18 U.S.C. § 1014, 18 U.S.C. § 215(a), and 18 U.S.C. § 2. A superseding indictment was filed on October 31, 1991 charging violations of the same statutes. Specifically, Defendants are charged with forming an enterprise and using such enterprise to collect unlawful gambling debts, to obtain loans for individuals to pay gambling debts incurred in violation of the New York State Penal Law, and to make loans which were not enforceable under state and federal law because of their usurious terms, along with conspiracy to participate in the collection of unlawful gambling and usurious debts, and with making fraudulent bank loans. Additionally, Defendant Moore is charged with using his position of authority as area director of Citibank to override decisions to deny loan applications and to grant loan applications to individuals who did not qualify for such loans.

On January 3, 1992, Defendant Moore filed a motion to dismiss Counts One and Two of the Indictment on the ground that they are duplicitous and violate Moore's right to be informed of the charges against him. On January 31, 1992, and again on May 28, 1992, Defendant Moore filed motions to suppress any information procured through the use of the "Falzone Buick bug." Defendant Mauro, on July 13, 1992, filed a motion to dismiss the Indictment on the ground that the Indictment was returned in violation of his constitutional right to have the case against him presented to a fair and impartial grand jury. The Government responded to these motions on August 13, 1992. Oral argument on the matter was held on September 15, 1992.

For the reasons as set forth below, the court recommends that Defendant Moore's motion to dismiss Counts One and Two of the Indictment be DENIED; Defendant Moore's motion to suppress the information obtained from the electronic wiretap be DENIED; and Defendant Mauro's motion to dismiss the Indictment be DENIED.

## DISCUSSION

### 1. *Moore's Motion to Dismiss Counts One and Two of the Indictment*

Defendant Moore has moved to dismiss Counts One and Two of the Indictment as they pertain to him on the ground that these counts allege two distinct illegal schemes within the same counts and that there is no support for joining two separate activities within a single enterprise charge. Moore argues that to do so is "duplicitous and violates the defendant's Constitutional right to be informed of the charges against him and his right to have a unanimous verdict on each charge against him." See, Motion to Dismiss, dated January 2, 1992. Further, Moore contends that there is no proof that he had anything to do with an alleged gambling or loansharking enterprise as alleged in Counts One and Two. The Government responds that the disputed portion of the Indictment does not allege two offenses but, rather, alleges that an enterprise existed for at least two unlawful purposes, and that this is a proper form of pleading under Fed.R.Crim.P. 7(c)(1).

■ An indictment is invalidly duplicitous when it joins two or more distinct, separate offenses in a single count. *United States v. Droms*, 566 F.2d 361, 363 (2d Cir.1977); *United States v. Gleave*, 786 F.Supp. 258, 264 (W.D.N.Y.1992). Fed. R.Crim.P. 7(c)(1) does permit the allegation, in a single count, that an offense has been committed in a multiplicity of ways and such a count is not duplicitous. *Droms, supra,* at 363. A count of an indictment should only be ruled impermissibly duplicitous when the policy goals underlying this doctrine are offended, *i.e.,* "if a general verdict of guilty might actually conceal contrary findings as to different alleged crimes, or if an appropriate basis for sentencing is not provided." *United States v. Margiotta*, 646 F.2d 729, 732–33 (2d Cir. 1981). The test to be applied to determine whether there are two offenses or only one offense charged is whether each provision in the count requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182,

76 L.Ed. 306 (1932); *United States v. Sugar*, 606 F.Supp. 1134, 1145 (S.D.N.Y.1985).

In this case, Count One of the Indictment alleges the existence of an enterprise formed "to make loans which were unenforceable under state or federal law in whole or in part as to principal or interest because of the laws relating to usury and were incurred in connection with the business of lending money at a rate usurious under state or federal law ..." in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, specifically 18 U.S.C. § 1962(c). Count Two of the Indictment alleges a conspiracy to violate the RICO act and incorporates by reference the overt acts as alleged in Count One.

■ After reviewing these two counts in the Indictment, the court concludes that these counts are not duplicitous. Rule 7(c) provides that "it may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means." *United States v. Berardi*, 675 F.2d 894, 897 (7th Cir.1982). In this case, Count One of the Indictment properly describes certain acts which constitute a pattern of racketeering activity alleged to serve a common goal of the alleged illegal enterprise, in violation of the RICO Act's Section 1962(c) which prohibits conducting an illegal enterprise for the purpose of collecting unlawful debts. See, *United States v. National On Leong Chinese Merchants Association*, 1991 WL 30673 (N.D.Ill.1991) (acts alleged in the RICO count to form a pattern of racketeering activity and the instances of unlawful debt collection [were] properly joined because they [were] alleged to serve a common goal: operating the affairs of an illegal gambling enterprise). The court finds nothing duplicitous in the Count One allegation of the commission of multiple acts in violation of the same statutory provision.

■ Moore argues that both Counts One and Two are duplicitous as they "allege two distinct illegal schemes within the same counts." Defendant Moore's Affidavit in Support of Motion to Dismiss at page 1. The two schemes asserted by Moore are

that the Enterprise was conducted through the collection of various unlawful gambling debts or usurious loans and that the Enterprise "was used to generate loans to people who owed illegal gambling debts or who needed money to engage in illegal gambling activities and that loans were made to loansharks so they could put the money out on the street at usurious rates." Defendant Moore's Affidavit in Support of Motion to Dismiss at page 1.

First, the gravaman of Count One is that the Defendants, including Moore, operated an illegal enterprise for the purpose of collecting unlawful debts in violation of 18 U.S.C. § 1962(c). The fact that paragraph (C) of Count One also alleges other purposes for the Enterprise, including obtaining loans to pay off such gambling debts and making usurious loans in connection with carrying out the same illegal purpose, does not render the count duplicitous. Rather, it appears that this paragraph simply seeks to describe how the Government expects to establish the means or manner by which such unlawful debt collections by the Enterprise occurred. Allegations that a substantive offense was potentially committed through several means are not duplicitous. See, *Droms, supra,* at 363. In any event, should the trial judge determine, after hearing all of the Government's proof, that there exists a serious risk of jury confusion, the appropriate remedy would be to require the Government to elect among the alternative theories of culpability presented rather than to dismiss that count of the Indictment. See, *United States v. Vario,* 1989 WL 253781 (E.D.N.Y.1989) (an appropriate remedy when a count is duplicitous is to have the government elect the charge contained in the count upon which it will rely); *United States v. Kearney,* 444 F.Supp. 1290 (S.D.N.Y.1978). The court also notes that, contrary to Moore's description, Count One does not allege that the Enterprise was used to make loans "to loansharks."

The same analysis applies with even greater force to Moore's criticism of Count Two which alleges a conspiracy to operate an Enterprise in violation of 18 U.S.C. § 1962(c), under 18 U.S.C. § 1962(d). The fact that, in this case, the alleged RICO Enterprise may have had multiple unlawful objectives or that the Defendants, including Moore, had conspired to carry out such objectives by more than one unlawful method, as defined in Count One, does not render duplicitous the conspiracy charge under 18 U.S.C. § 1962(d). The allegation in a single count of conspiracy to commit several crimes is not duplicitous since conspiracy is the crime, and that is one crime however diverse its objects. *Braverman v. United States,* 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1942). Further, the inclusion of Section 1962(d) in the RICO Act is persuasive evidence that Congress intended that conspiring to violate the RICO Act should stand as an offense separate from the substantive offense described in Section 1962(c). *Vario, supra,* at page 19; *United States v. Ohlson,* 552 F.2d 1347, 1349 (7th Cir.1977). For the Government to convict a defendant on a RICO conspiracy count, it must prove that the defendant agreed to commit two or more predicate acts in furtherance of the conspiracy, and that the defendant knew the general nature of the conspiracy extended beyond his individual role. *United States v. Minicone,* 960 F.2d 1099 (2d Cir.1992); *United States v. Rastelli,* 870 F.2d 822, 828 (2d Cir.1989), *cert. denied,* 493 U.S. 982, 110 S.Ct. 515, 107 L.Ed.2d 516 (1989) (co-conspirators charged under RICO Act need not be shown to have full knowledge of all details of conspiracy, but only knowledge of essential nature of plan). In this case, Moore is charged with unlawful gambling debt collection in three out of four overt acts incorporated into Count Two by reference to Count One. Therefore, the court finds that Count Two is a properly plead conspiracy count.

The court can also interpret Moore's second argument regarding Count Two as an argument that Count Two is multiplicitous. Multiplicity is the charging of the same crime in several counts of a charging document. *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). However, it is proper to allege a

conspiracy to violate the RICO act as a separate substantive violation under 18 U.S.C. § 1962(d). See, *United States v. Giovanelli,* 747 F.Supp. 875, 880 (S.D.N.Y. 1989) (motion to dismiss for multiplicity denied where indictment charged a violation of a RICO substantive count and a RICO conspiracy count); *United States v. Gallo,* 668 F.Supp. 736 (E.D.N.Y.1987) (overt acts charged in substantive RICO count also incorporated into count charging a conspiracy to violate RICO). A RICO conspiracy is not a lesser-included count with respect to a continuing criminal enterprise count. *United States v. Sinito,* 723 F.2d 1250, 1255 (6th Cir.1983).

Therefore, based on the above, the court finds that the charges as alleged by the Government in Counts One and Two of the Indictment are properly plead under Fed. R.Crim.P. 7(c) and, therefore, Moore's motion to dismiss these counts as duplicitous and/or multiplicitous should be DENIED.

### 2. *Mauro's Motion to Dismiss the Indictment*

Defendant Mauro argues that the Indictment should be dismissed as to him because it was not returned by a fair and impartial grand jury. Specifically, Mauro alleges that, as the same grand jury panel who returned the instant Indictment had previously returned another unrelated Indictment against him (No. 92–CR–15S), the grand jury could not have been fair and impartial when deciding the probable cause against him on this Indictment.

In federal criminal proceedings, the Fifth Amendment guarantees a defendant the right to an indictment by an unbiased grand jury. *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). However, a federal court may not dismiss an indictment based on an allegation of a biased grand jury absent prejudice to a defendant. *Bank of Nova Scotia v. United States,* 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). In addition, grand jury proceedings carry with them a "presumption of regularity." *Costello, supra,* 350 U.S. at 363, 76 S.Ct. at 408.

In this case, Mauro has alleged that the grand jury was biased against him because the same grand jury panel returned two separate indictments against him, and heard testimony against him during both indictment proceedings which related to illegal gambling. Mauro does not allege any actual prejudice, or allege any actual bias by any grand juror towards him. Given the presumption of regularity inherent in grand jury proceedings and absent any particularized facts as to the alleged bias of the grand jurors and of the proceedings, the court is unable to find that any actual prejudice accrued against Mauro to the extent that an extreme remedy such as the dismissal of the indictment in its entirety against him should be granted. Therefore, the court recommends that Mauro's motion for dismissal of the indictment be DENIED.

### 3. *Suppression of the "Falzone Buick bug"*

Defendant Moore has also made a motion to suppress any information procured through the use of the "Falzone Buick bug," specifically, a conversation in which Moore was intercepted. Particularly, Moore argues that there was no probable cause to issue the eavesdropping order, that the conversations of the defendant were not legally minimized, that the audibility of the audiotape of the intercepted conversations is prejudicial to Moore, and that any "small" relevance of the eavesdrop evidence is outweighed by substantial prejudice to Moore and the creation of collateral matters.

The eavesdropping order in question was issued on February 22, 1988 by the Hon. John T. Curtin, District Judge, and authorized the interception of oral communications occurring in an automobile used by one Leonard Falzone, now a defendant in an unrelated criminal action. In support of the probable cause to authorize the eavesdrop, an affidavit was supplied to Judge Curtin by FBI Agent Robert M. Watts. Judge Curtin issued the eavesdrop order on the ground that there was probable cause to believe that Falzone was involved in narcotics trafficking. Extensions of this

order were subsequently granted by Judge Curtin. Several conversations were intercepted in the Falzone vehicle, including one conversation between Defendant Moore and Falzone which took place on June 2, 1988. Moore seeks to suppress the use of this conversation as evidence at his trial on various grounds.

First, the Government challenges Moore's standing to bring this motion, contending that Moore was neither named in the original February 22, 1988 eavesdrop order nor intercepted pursuant to the original order, but, rather, was intercepted pursuant to an extension of the original order dated May 27, 1988.

█ The February 22, 1988 eavesdrop order and its subsequent extensions were challenged by Falzone before Judge Arcara in a pretrial motion on his indictment. In a Decision and Order, dated August 4, 1992, Judge Arcara found that Judge Curtin had probable cause to issue the February 22, 1988 order based on the information presented to him at the time of the application. Except for a conclusory argument stating that there was an insufficient factual basis on which to support the position that Falzone was involved in narcotics trafficking at the time the order was issued and that, therefore, no probable cause existed for the issuance of the February 22, 1988 eavesdrop, Moore submits no new evidence on the issue of probable cause which would persuade this court to recommend to Judge Arcara that a re-evaluation of his August 4th Order as to probable cause is warranted. Therefore, the court adopts Judge Arcara's determination as to the February 22, 1988 order, finding that probable cause existed to issue the February 22, 1988 order. Accordingly, the court need not reach the issue of Moore's standing to challenge the probable cause determination. See, *United States v. Hillard*, 701 F.2d 1052, 1062 n. 9 (2d Cir.1983), *cert. denied*, 461 U.S. 958, 103 S.Ct. 2431, 77 L.Ed.2d 1318 (1983) (court did not reach standing issue where it found adequate probable cause to support original wiretap order as well as subsequent orders). Based on the above, Moore's motion to suppress the evidence obtained from the "Falzone Buick bug" should be DENIED.

█ As to minimization under 18 U.S.C. § 2518(10), however, the court finds that Moore lacks standing to challenge the wiretap as to this issue. An individual does not have standing to raise the issue of minimization as the failure to minimize the intercepted conversations is held to be an invasion of the targeted individual's privacy. See, *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *United States v. Fury*, 554 F.2d 522, 526 (2d Cir.1977), *cert. denied*, 436 U.S. 931, 98 S.Ct. 2831, 56 L.Ed.2d 776 (1978). See also, *United States v. Poeta*, 455 F.2d 117, 122 (2d Cir.1972) (where wiretap was on targeted individual's telephone, another party did not have standing to contest invasion of target's privacy rights). Therefore, Moore does not have standing to challenge the "Falzone Buick bug" on the ground of minimization, and the motion on this ground should be DENIED.

As to audibility, a request for an audibility hearing as to any tape recorded conversations to be utilized in the trial of this action was discussed in this court's Decision and Order, dated October 14, 1992 and is specifically adopted herein.

Finally, as to the possible relevance of Moore's intercepted conversation, this issue should be brought before Judge Arcara at the time Judge Arcara makes any rulings on evidentiary issues prior to trial.

## CONCLUSION

Based on the above discussion, I recommend that Defendant Moore's motion to dismiss Counts One and Two of the Indictment be DENIED; Defendant Mauro's motion to dismiss the Indictment be DENIED; and, Defendant Moore's motion to suppress the information procured through the use of the "Falzone Buick bug" be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED that this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accor-

dance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 30(a).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Government and the Defendants.

SO ORDERED.

DATED: October 20, 1992.