UNITED STATES of America,
Plaintiff-Appellee,

v.

George OHLSON, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

William LOGAN, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

George POHLEY, Defendant-Appellant.

Nos. 76–2118, 76–2119 and 76–2108.

United States Court of Appeals,
Ninth Circuit.

May 2, 1977.

George Pohley, argued, pro se.

J. Frank McCabe, San Francisco, Cal., argued, for defendants-appellants Ohlson and Logan.

William J. Murphy, Murphy & Appenrodt, San Francisco, Cal., appeared, for defendant-appellant Logan.

Gerald J. Hinckley, Asst. U. S. Atty., San Francisco, Cal., argued, for plaintiff-appellee.

Before BARNES and WALLACE, Circuit Judges, and KELLEHER, District Judge.[*]

PER CURIAM:

Appellants Ohlson, Logan and Pohley appeal from verdicts of guilty on a two count indictment following a trial before the District Court of the Northern District of California. The indictment, filed on June 26, 1975, charged appellants with conspiracy to assist various narcotic dealers in the manufacture and sale of narcotic and stimulant drugs in violation of 18 U.S.C. § 371 and violation of the federal anti-racketeering statute, 18 U.S.C. § 1962(c).

Appellants were law enforcement officers assigned to drug enforcement efforts in the Bay Area, Ohlson with the State of California's Bureau of Narcotics and Logan and Pohley with the City of San Francisco Police Department's Narcotic Division. The indictment charged that the three men received and accepted bribes in return for giving narcotic dealers in the San Francisco area freedom from arrest and prosecution for their drug related activities, as well as active support in the manufacture and sale of drugs. The government's case at trial painted a picture of an illicit agreement and scheme among the appellants to facilitate the manufacture and sale of narcotics, in return for bribes, by refraining from enforcing the drug laws on a selective basis, by using their official offices to influence the judicial system to protect those who had paid, and by supplying to the dealers certain ingredients necessary for the manufacture of unlawful drugs. This activity allegedly transpired over a span of almost five years, from March of 1967 until about January of 1972. Following a trial before the district court, each appellant was found guilty on both counts of the indictment, and subsequently prosecuted this appeal.

Appellants urge reversal of their convictions on numerous grounds, including: (1) There was insufficient evidence to support a finding of a conspiracy to violate the federal narcotics laws; (2) there was insufficient evidence to support a finding that an overt act of the conspiracy was committed within the period of the statute of limitations; (3) 18 U.S.C. § 1962 is unconstitutional as an ex post facto law; (4) 18 U.S.C. § 1962 is unconstitutional as applied; (5) there was insufficient evidence to support a finding that appellants committed an act of racketeering after the effective date of the statute; (6) the offenses of count one and count two merged; and (7) the trial court adopted an improper standard of proof in arriving at the verdict of guilty. The only question that requires careful analysis, however, is the issue of merger, whether appellants may be convicted of both the conspiracy charge and the offense of engaging in racketeering.

Appellants view the relationship of counts one and two of their indictment as the type requiring application of the doctrine of merger, a principle peculiar to the law of conspiracy that is more commonly known as Wharton's Rule. Essentially, Wharton's Rule states that an agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as necessarily to require the participation of two persons for its commission. See 1 R. Anderson, Wharton's Criminal Law and Procedure § 89, at 191 (1957). Appellants' position apparently is that once count two of the indictment was proved, inasmuch as it al-

[*] Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

leged a scheme to engage in racketeering activity, count one, the conspiracy charge, should have merged because the criminal conduct covered the same period of time and the government used the same evidence to prove both counts.

■ On its face, this case is not amenable to application of Wharton's Rule, which itself actually is a limited exception to the well-established principle that a conspiracy to commit a substantive offense and the substantive offense itself can constitute separate offenses. *See Iannelli v. U. S.*, 420 U.S. 770, 781–82, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *Pinkerton v. U. S.*, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). By definition the Rule applies only if the substantive offense necessarily requires the participation of two persons. Classic examples of Wharton's Rule cases are such crimes as adultery, incest, bigamy and dueling. The plain language of 18 U.S.C. § 1962(c)[1] sets it apart from these types of crimes and clearly imports that a violation may be committed by an individual acting alone. This fact in itself takes § 1962(c) out of the scope of Wharton's Rule.[2]

■ Additionally, in its present usage Wharton's Rule serves as an aid to statutory construction rather than a controlling principle of law and only in the absence of legislative intent to the contrary does the Rule create a judicial presumption of merger, assuming its definitional prerequisites are met. *See Iannelli v. United States*, 420 U.S. 770, 782, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *United States v. Rueter*, 536 F.2d 296, 208 (9th Cir. 1976). Even if the facts in this case posed a Wharton's Rule situation, it would be necessary to determine whether Congress intended to maintain a distinction between conspiracy and the substantive offense of racketeering proscribed in § 1962(c), and whether such an intent is evident from the language and legislative history of § 1962(c). The statutory definition of a § 1962(c) offense does not contain an element of agreement or concerted activity. It makes it unlawful for "any person" to conduct an enterprise affecting interstate or foreign commerce through a "pattern of racketeering activity." Neither the definition of "pattern of racketeering activity" nor of "racketeering activity" incorporates any element of agreement or concerted activity. *See* 18 U.S.C. § 1961(1), (5). Moreover, there is nothing in the legislative history of the statute to suggest that Congress did not intend to create an offense of racketeering separate and apart from conspiracy. In fact, inclusion in the statute of subsection (d) of § 1962, which makes it unlawful for any person to conspire to violate subsection (c) of the statute, is persuasive evidence of a contrary intent on Congress's part. This juxtaposition of the substantive crime of racketeering and the offense of conspiring to engage in racketeering activity is more than ample evidence that Congress intended § 1962(c) to stand as an offense separate from the general federal conspiracy crime. Consequently, even if there were a prima facie case for Wharton's Rule on these facts, there would be no basis for applying the presumption of merger.

■ Appellants' argument that there should be a merger because the same evidence was used to prove both counts is unavailing, for as the Supreme Court noted in *Iannelli*, the applicability of Wharton's Rule depends not on the evidence offered at trial but rather on the statutory require-

---

**1.** 18 U.S.C. § 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**2.** In *Iannelli* the Supreme Court noted that "Wharton's Rule applies only to offenses that *require* concerted criminal activity, a plurality of criminal agents." [emphasis in original]. 420 U.S. 770, 784–85, 95 S.Ct. 1284, 1293, 43 L.Ed.2d 616.

ments of the substantive offense. 420 U.S. at 780, 785 n. 17, 95 S.Ct. 1284. *See also United States v. Holte*, 236 U.S. 140, 35 S.Ct. 271, 59 L.Ed. 504 (1915). For the same reason appellants' reliance on the wording of the indictment, which they claim alleges a combination or concerted activity in racketeering, is misplaced. Even if count two of the indictment alleges an agreement among appellants, and it is not entirely clear that it does,[3] that in itself is not enough to require an investigation of the possible applicability of Wharton's Rule. As noted above, the Rule comes into play only if the substantive offense is defined so as to necessarily require the agreement of two persons and count two of the indictment does not allege an offense that requires such an agreement.

We have reviewed appellants' other contentions and find them to be without merit. The record reveals sufficient evidence to support the district court's determination of guilt on the conspiracy charge, both with respect to the finding of an agreement to violate the federal drug laws and that at least one overt act was committed within the period of the statute of limitations. Appellants' constitutional challenge to § 1962 is answered by our holding in *United States v. Campanale*, 518 F.2d 352 (9th Cir. 1975). There also was sufficient evidence to support the court's finding that each appellant committed an act of racketeering after the effective date of the statute. Finally, upon reviewing the entire record and particularly the district court's recital of

the basis for its finding of guilt, we are convinced the court applied the proper standard of proof.

AFFIRMED.

---

**3.** In pertinent part count two of the indictment states:

> From in or about March 1967 up to in or about January 1972, in the State and Northern District of California,
>> GEORGE OHLSON,
>> WILLIAM LOGAN, and
>> GEORGE POHLEY,
> the defendants, being persons employed by and associated with enterprises engaged in, and the activities of which affected, interstate and foreign commerce, to wit, the State of California Bureau of Narcotic Enforcement and the Narcotic Bureau of the San Francisco Police Department, unlawfully, willfully and knowingly did conduct and participate, di-

rectly and indirectly, in the conduct of such enterprises' affairs, through a pattern of racketeering activity, to wit: a series of acts involving bribery, in violation of California Penal Law Section 68, in that the defendants received and accepted money from Percy Scott, Alfred Smith, Welch Long, David Reed, Delores Reed, Thelma (LNU), James Caruth and others, upon an agreement and understanding that the actions of George Ohlson as an employee of the State of California, and the actions of William Logan and George Pohley as employees of the City of San Francisco, would be influenced thereby. All in violation of Title 18, United States Code, Section 1962(c).