**UNITED STATES of America, Respondent-Plaintiff,**

v.

**John Clayburn HAWKINS, Jr., a/k/a "J.C.", and Recea Howell Hawkins, Petitioners-Defendants.**

**Crim. No. 76–84–MAC.**

United States District Court, M. D. Georgia, Macon Division.

June 24, 1981.

---

W. Louis Sands, Asst. U. S. Atty., Macon, Ga., for respondent-plaintiff.

Oscar B. Goodman, Las Vegas, Nev., for petitioners-defendants.

## ORDER

OWENS, Chief Judge.

.Petitioner-defendants J. C. Hawkins, Jr. and Recea Howell Hawkins move the court

pursuant to Rule 35, Federal Rules of Criminal Procedure, to correct the sentences imposed by this court on the grounds that the sentences as imposed violate double jeopardy.[1] Defendants were tried and convicted in this court in 1976 for violations of 18 U.S.C.A. § 1962(c) (hereinafter "RICO substantive offense"), § 1962(d) (hereinafter "RICO conspiracy"), and other criminal offenses.[2] Each of these petitioners was sentenced under 18 U.S.C.A. § 1963 to twenty (20) years imprisonment on Count One, the RICO conspiracy, and to twenty (20) years imprisonment on Count Two, the RICO substantive offense, with the sentences to run consecutively. Defendant J. C. Hawkins was given additional consecutive sentences on four other counts, and Recea Hawkins was given a consecutive sentence on one additional count.

■ The essential question raised by defendants' Rule 35 motion is whether a conviction under § 1962(d) of a RICO conspiracy merges with a conviction under § 1962(c) of a RICO substantive offense, thereby precluding imposition of consecutive sentences for those convictions.[3] This precise question was addressed and well-analyzed by the Ninth Circuit Court of Appeals in *United States v. Rone*, 598 F.2d 564 (9th Cir. 1979). Applying the decision of the Supreme Court in *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 and its own earlier decision in *United States v. Ohlson*, 552 F.2d 1347 (9th Cir. 1977),[4] the court in *Rone* considered whether or not "Wharton's Rule" prevented the defendants there from being convicted and sentenced to consecutive terms for both a RICO conspiracy and the substantive RICO offense. Wharton's Rule is an exception to the general rule that a conspiracy and the substantive offense that is its goal do not merge. The Rule states that an agreement between two people to a particular crime cannot be prosecuted as a conspiracy if the crime is of the type that necessarily requires the participation of two persons for its commission. *Iannelli, supra*, 420 U.S. at 773 n.5, 95 S.Ct. at 1288 n.5, 43 L.Ed.2d at 621 n.5. The classic Wharton's Rule crimes are adultery, incest, bigamy, and dueling.

■ The Ninth Circuit correctly concluded that § 1962(c) is not within the scope of Wharton's Rule, 598 F.2d at 570. A violation of § 1962(c) does not necessarily require the participation of two persons for its commission. As the Ninth Circuit held in *Ohlson, supra*, at 1349, "the plain language of § 1962(c) ... clearly imports that a violation may be committed by an individual acting alone." Even a single individual may be considered an enterprise under the statutory definition. 18 U.S.C. § 1961(4). *See, United States v. Elliott, supra*, at 898 n.18. Therefore, under Wharton's Rule there is no merger of the RICO conspiracy and substantive offense.

■ The Ninth Circuit in *Rone* further considered whether Congress intended to

---

1. These defendants' convictions were upheld in *United States v. Elliott*, 571 F.2d 880 (5th Cir. 1978).

2. 18 U.S.C.A. § 1962 is a part of the Racketeer Influenced and Corrupt Organizations Act (RICO). Subsections (c) and (d) of § 1962 provide:

    (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

    (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.

3. The court may correct an illegal sentence at any time. Rule 35(a), Fed.R. Crim.P. If § 1962 does not permit imposition of consecutive sentences for convictions under subsections (c) and (d), defendants can properly attack their sentence as being illegal. *See, United States v. Cevallos*, 538 F.2d 1122 (5th Cir. 1976).

4. *Ohlson* dealt with convictions for violation of the general conspiracy statute, 18 U.S.C.A. § 371, and a substantive violation of the RICO statute, 18 U.S.C.A. § 1962(c). *Iannelli* dealt with prosecution, conviction, and sentencing under the general conspiracy statute and § 1955, a federal gambling statute.

maintain a distinction between a RICO conspiracy under § 1962(d) and the RICO substantive offense of racketeering proscribed in § 1962(c), and whether such an intent is evident from the language and legislative history of § 1962.[5] Section 1962 makes it unlawful for "any person" to conduct an "enterprise" affecting interstate or foreign commerce through a "pattern of racketeering activity." The definitions of "enterprise," "pattern of racketeering activity," and "racketeering activity" do not incorporate any element of agreement or concerted activity, the essential element of conspiracy. *See,* 18 U.S.C.A. § 1961(1), (4), and (5). Moreover, there is nothing in the legislative history of the statute to suggest that Congress did not intend to create an offense of racketeering separate and apart from conspiracy. *Ohlson, supra,* at 1349. In fact, inclusion in § 1962 of the subsection (d) RICO conspiracy offense when a defendant could be prosecuted in any event under the general conspiracy statute, 18 U.S.C.A. § 371, evidences an intent on the part of Congress to create a RICO conspiracy offense separate from the substantive racketeering offense. *See, Rone, supra,* at 570. *Also see, United States v. Bright,* 630 F.2d 804, 813 (5th Cir. 1980) (conspiracy to violate RICO and aiding and abetting a violation of RICO are separate and distinct offenses).

The precise issue in the case *sub judice* is whether defendants, having been convicted of both a RICO conspiracy and racketeering, could legally be sentenced to consecutive terms for those convictions. The Ninth Circuit in *Rone* held that consecutive sentences can properly be imposed for convictions of a RICO conspiracy under § 1962(d) and for racketeering under § 1962(c), relying on language of the Supreme Court in *Iannelli,* to wit:

"... we do not imply that the distinct nature of the crimes of conspiracy to violate and violation of § 1955 should prompt prosecutors to seek separate convictions in every case, or judges necessarily to sentence in a manner that imposes an additional sanction for conspiracy to violate § 1955 and the consummation of that end. *Those decisions fall within the sound discretion of each, and should be rendered in accordance with the facts and circumstances of a particular case. We conclude only that Congress intended to retain these traditional options. Neither Wharton's Rule nor the history and structure of the Organized Crime Control Act of 1970 persuade us to the contrary.* (emphasis supplied).[6] 420 U.S. at 791, 95 S.Ct. 1296–97, 43 L.Ed.2d at 631.

Thus, under *Iannelli* the imposition of consecutive sentences for convictions of both § 1962(c) and § 1962(d) is within the sound discretion of the trial judge.

Defendants contend, however, that since the evidence utilized for the convictions of both defendants on the § 1962(c) racketeering count and the § 1962(d) conspiracy count was substantially identical, the conspiracy convictions merged with the racketeering convictions for the purposes of sentence so that the court could impose only concurrent sentences on those counts. Defendants rely on the case of *United States v. Sutton,* 642 F.2d 1001 (6th Cir. 1980) (*en banc*). In *Sutton* the Sixth Circuit found

---

**5.** Wharton's Rule does not rest on principles of double jeopardy, and only in the absence of legislative intent to the contrary does the rule create a judicial presumption of merger, assuming its definitional prerequisites are met. *Iannelli,* 420 U.S. at 782, 95 S.Ct. at 1292, 43 L.Ed.2d at 625.

**6.** RICO was passed as Title IX of the Organized Crime Control Act of 1970, P.L. No. 91–451, H.R.Rep.No. 98, 91st Cong. 2nd Sess., reprinted in [1970] U.S.Code Cong. & Ad.News, 4007. The Fifth Circuit noted in *U. S. v. Elliott, supra*:

"In enacting RICO, Congress found that 'organized crime continues to grow' in part 'because the sanctions and remedies available to the Government are unnecessarily limited in scope and impact.' Thus, one of the express purposes of the Act was 'to seek the eradication of organized crime ... by establishing *new penal prohibitions*, and by providing *enhanced sanctions and new remedies* to deal with the unlawful activities of those engaged in organized crime.' Pub.L. 91–452, § 1, 84 Stat. 922." (emphasis supplied). 571 F.2d at 902.

that while *Iannelli* validated the indictments under both § 1962(c) and § 1962(d), since the proofs showing the defendants violated § 1962(c) and § 1962(d) were identical, the conspiracy convictions merged with the § 1962(c) convictions for purposes of sentence. This is, of course, contrary to the holding of the Ninth Circuit in *Rone, supra.*

The *Sutton* court did not elucidate upon its conclusion that convictions under § 1962(c) and § 1962(d) merge for purposes of sentencing, nor does it mention *Rone*. The court in *Sutton* was concerned with the fact that the trial judge there had made sentences pursuant to § 1962(c) and § 1962(d) concurrent in some instances but consecutive in others. Significantly, the *Sutton* court's conclusion that the conspiracy and substantive offenses merged for sentencing purposes ignores the explanation of the Supreme Court in *Iannelli*, quoted above, that the decision to impose consecutive sentences falls within the sound discretion of the trial judge, depending on the facts and circumstances of each case.

Further, this court does not agree with the Sixth Circuit's conclusion that the convictions under § 1962(c) and (d) merge because substantially the same evidence was used to prove both offenses. *See, Ohlson, supra*, at 1349. The test articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) provides that in determining for double jeopardy purposes whether separate punishment might be imposed for acts violating two separate statutory provisions, the court must examine the offenses to ascertain "whether each provision requires proof of a fact which the other does not," *Id.*, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 306. The court's application of the test focuses on the statutory elements of the offense. *Iannelli, supra*, 420 U.S. at 784 n.17, 95 S.Ct. at 1293 n.17, 43 L.Ed.2d at 627 n.17. If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crime, *Id.* Conspiracy and the substantive offense that is the object of the conspiracy are generally separate and distinct crimes, *United States*

*v. Ocanas*, 628 F.2d 353, 362 (5th Cir. 1980), with the exceptions being those crimes which fall under Wharton's Rule. The essence of the crime of conspiracy is agreement, an element not contained in the statutory definition of the § 1962(c) offense of conducting an enterprise in interstate commerce through a pattern of racketeering activity. *See, supra*, p. 1206–1207. Further, proof of violation of § 1962(c) requires establishment of a fact not required for conviction of conspiracy to violate that statute. To be convicted under § 1962(c), a defendant must be proven to have engaged in a "pattern of racketeering activity," which requires at least two acts of racketeering activity, 18 U.S.C.A. § 1961(1), as defined in 18 U.S.C.A. § 1961(1). A conviction under § 1962(d) of a RICO conspiracy offense only requires proof that an individual by his words or actions manifested an *agreement* to participate, directly or indirectly, in the affairs of the enterprise through the commission of two or more predicate crimes. *United States v. Elliott, supra*, at 903. For example, proof of such an agreement and one act by the enterprise of racketeering activity would be sufficient to convict a defendant of a RICO conspiracy but not of a RICO substantive offense which requires proof of two acts of racketeering activity.

It is this court's opinion, applying the decision of the Supreme Court in *Iannelli* and following the Ninth Circuit's reasoning in *Rone*, that defendants' convictions under § 1962(c) and § 1962(d) did not merge for purposes of sentencing. It was within this court's sound discretion based on the facts and circumstances of this case to sentence these defendants to consecutive terms of twenty years for those convictions. Defendants have made no showing that the court abused its discretion in imposing those sentences.

In addition to the consecutive twenty-year sentences on Counts One and Two, defendant J. C. Hawkins was sentenced to three consecutive ten-year terms for three separate violations (Counts Three, Five and Six) of 18 U.S.C.A. § 659 and § 2 (possession and concealment of property stolen from

interstate shipment), and to a fourth ten-year term for violation (Count Eight) and 18 U.S.C.A. § 2315 (receipt and disposal of counterfeit securities moving in interstate commerce). Defendant Recea Hawkins was sentenced to one additional consecutive ten-year term for violation (Count Six) of 18 U.S.C.A. § 659 and § 2. The court ordered the sentences imposed upon J. C. Hawkins "to run consecutively, or a total of forty (40) years, whichever is lesser." The sentences imposed upon Recea Hawkins were ordered "to run consecutively, or a total of twenty-five (25) years, whichever is lesser." Since J. C. Hawkins and Recea Hawkins were given valid twenty-year sentences on both Counts One and Two, and since the maximum amount each would have to serve is forty (40) years and twenty-five (25) years, respectively, the sentences imposed on the additional counts are merely technical sentences with no actual effect on the maximum terms of their confinement. Therefore, in effect the additional ten-year sentences are of no consequence. Nevertheless, the court will consider defendants' argument with respect to these sentences.

■ Defendants contend that the proof adduced during the trial and utilized to convict J. C. Hawkins on Counts Three, Five, Six, and Eight and Recea Hawkins on Count Six was identical to the proof utilized to convict on Counts One and Two, therefore merging these counts for purposes of sentencing and making the consecutive ten-year sentences for these offenses violative of double jeopardy. The court finds this contention to be without merit. The violations of 18 U.S.C.A. §§ 659 and 2315 alleged in Counts Three, Five, Six, and Eight were predicate or underlying offenses for purposes of proving the substantive RICO offense. Separate sentences may be imposed for acts violating two separate provisions if each offense requires proof of a fact which the other does not. *Blockburger, supra.* If the offenses underlying the "pattern of racketeering activity" consisted, for example, only of two violations of § 659 or § 2315, there might be a problem since proof of those two acts of racketeering would also be the proof of the "pattern of

racketeering activity." But the indictment here charged, and the jury found, that these defendants were guilty of arson, actively assisting a car theft ring, murdering a key witness, and dealing in narcotics, all acts of racketeering activity, *United States v. Elliott, supra,* at 884–894. Thus, there was a sufficient basis for the convictions under § 1962(c) and § 1962(d) even if the § 659 and § 2315 offenses were stricken from the RICO charge. *Cf., United States v. Rone, supra,* at 571.

■ Nothing in the statutory language or the legislative history of RICO suggests that Congress intended to preclude separate convictions or sentences for the RICO offense and the predicate crimes which make up the "pattern of racketeering activity." Racketeering activity by definition is made up of a number of separate crimes. Further, Congress intended the Act to provide for "new penal prohibitions" and "enhanced sanctions." See footnote 6. If defendants were correct in their argument that the sentences imposed for the RICO offense must run concurrently with the sentences for any predicate crimes, there would be no "enhanced" penalties. A conviction under RICO would, in effect, grant immunity for the predicate crimes. *Id.,* at 572. For these reasons, the court concludes that the imposition of consecutive sentences for the convictions under 18 U.S.C.A. § 659 and § 2315, to run consecutively to the twenty-year sentences imposed for the convictions under § 1962(c) and § 1962(d), were proper.

For all of the above-stated reasons, the court holds that the sentences imposed in this case were within the sound discretion of this court, and under the facts of this case that discretion was clearly not abused. Accordingly, defendants' Rule 35 Motion to Correct Illegal Sentence is hereby DENIED in its entirety.