**UNITED STATES of America**

v.

**MARRONE, Michael a/k/a Mike Marrone.**

**Appeal of Michael MORRONE.**

**No. 84–1022.**

United States Court of Appeals, Third Circuit.

Argued Aug. 7, 1984.

Decided Aug. 15, 1984.

---

F. Emmett Fitzpatrick, F. Emmett Fitzpatrick, P.C., Philadelphia, Pa., for appellant.

Ronald G. Cole, U.S. Dept. of Justice, Philadelphia Strike Force, Philadelphia, Pa., for appellee.

Before SEITZ, GIBBONS and HUNTER, Circuit Judges.

## MEMORANDUM OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

This is an appeal from an order of the United States District Court for the Eastern District of Pennsylvania, denying appellant Michael Morrone's motion under

Fed.R.Crim.P. 35 for correction and reduction of consecutive sentences imposed on him under 18 U.S.C. § 1962(c) and (d) (1982).

Morrone was convicted of two counts under the Racketeer Influenced and Corrupt Organizations Act ("RICO"): one count of racketeering in violation of 18 U.S.C. § 1962(c) (1982); and one count of conspiracy to engage in racketeering in violation of 18 U.S.C. § 1962(d) (1982).[1] These convictions stemmed from evidence at trial showing that Morrone had headed an arson-for-hire ring that was responsible for several fires in Philadelphia, and that he had conspired with other members of the ring to set fires. Judge J. William Ditter, Jr. sentenced Morrone to two consecutive twenty-year terms, one for the RICO substantive count and one for the RICO conspiracy count. Morrone then moved for correction and reduction of his sentence, alleging that the two RICO counts had merged for sentencing purposes. Judge Ditter, relying on *United States v. Rone*, 598 F.2d 564 (9th Cir.1979), denied the motion.

In *Rone*, the Ninth Circuit held that a RICO "enterprise" count under 18 U.S.C. § 1962(c) does not merge with a RICO conspiracy count under 18 U.S.C. § 1962(d). The Ninth Circuit applied the test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), under which a legislative intent to authorize consecutive sentences for separate offenses arising from a single transaction is inferred where "each requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. *See Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293, n. 17, 43 L.Ed.2d 616 (1975). An enterprise offense under § 1962(c) may be committed by an individual acting alone, while a conspiracy offense under § 1962(d) cannot; and an enterprise offense, unlike a conspiracy offense, requires commission of choate acts

1. Morrone was also convicted of nine counts of mail fraud in violation of 18 U.S.C. § 1341 (1982), which are not at issue in this appeal.

(conducting the affairs of an enterprise "through a pattern of racketeering activity"). For that reason, the Ninth Circuit in *Rone* concluded that consecutive sentences for RICO substantive and conspiracy offenses could properly be imposed. Most of the other courts that have considered this question have reached the same conclusion. *See United States v. Bagaric,* 706 F.2d 42, 63 n. 18 (2d Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 283, 78 L.Ed.2d 261 (1983); *United States v. Cagnina,* 697 F.2d 915 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 175, 78 L.Ed.2d 157 (1983).

Morrone urges us to eschew the *Blockburger* test altogether and follow what he perceives as a Third Circuit "trend" against consecutive sentencing, relying on *United States v. Gomberg,* 715 F.2d 843 (3d Cir. 1983) and *United States v. Gomez,* 593 F.2d 210 (3d Cir.), *cert. denied,* 441 U.S. 948, 99 S.Ct. 2172, 60 L.Ed.2d 1052 (1979). In those cases we invalidated consecutive sentences under provisions of the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. §§ 801 et seq. (1982). We had no occasion to resort to the *Blockburger* test because a legislative intent against consecutive sentencing could be discerned from the Act. No such contrary legislative intent can be discerned from RICO, and the *Blockburger* test is applicable. *See Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1142, 67 L.Ed.2d 275 (1981).

In *United States v. Sutton,* 642 F.2d 1001 (6th Cir.1980), the Sixth Circuit held that, where the proofs supporting convictions of a RICO enterprise offense and a RICO conspiracy offense were identical, the convictions merge for sentencing purposes. *Id.* at 1040. Arguing that his convictions of all counts rested entirely on the testimony of one government witness, Morrone urges us to follow *Sutton.* We decline to do so. As the Supreme Court noted in *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293, n. 17 (1975), the *Blockburger* test "focuses on the statutory elements of the offense. If each requires proof of a fact that the other

does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof required to establish the crimes." We agree with the Second, Ninth and Eleventh Circuits that 18 U.S.C. § 1962(c) and (d) satisfy the *Blockburger* test, and that consecutive sentences under these provisions are proper.

For the foregoing reasons, the judgment of the district court is affirmed.