**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Daniel Erwin DAVIS,
Defendant-Appellant.**

No. 85–2473.

United States Court of Appeals,
Tenth Circuit.

June 9, 1986.

William D. Welch, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., Denver, Colo., was also on brief), for plaintiff-appellee.

Joseph Saint-Veltri, Denver, Colo. (Jeralyn E. Merritt, Denver, Colo., was also on brief), for defendant-appellant.

Before HOLLOWAY, Chief Judge, LOGAN and SEYMOUR, Circuit Judges.

HOLLOWAY, Chief Judge.

Defendant-appellant Daniel Erwin Davis pled guilty to three separate criminal counts. On appeal, Davis asserts that the district court violated his rights under the Double Jeopardy Clause by imposing consecutive sentences and presses other arguments challenging those sentences. We affirm.

## I

Davis was indicted by a federal grand jury in the District of Colorado on May 10, 1985 on nine counts. I R. 1. On July 8, 1985, Davis was indicted on a superseding indictment charging eight counts. I R. 2. Davis entered into a plea agreement with the United States Attorney whereby he pled guilty to one count of the superseding indictment for violation of 21 U.S.C. § 843(b), unlawful use of a communication facility to facilitate the distribution and possession with intent to distribute a schedule II controlled substance, cocaine. He also pled guilty to two counts of an amended information[1] filed September 3, 1985,[2] charging violation of 18 U.S.C. § 371, conspiracy to distribute cocaine, to defraud the I.R.S. by concealing profits from cocaine trafficking, and to prevent the collection of income tax; and 26 U.S.C. § 7201, attempt to evade or defeat income tax by failing to make an income tax return for 1983, by failing to pay such tax, and by concealing and attempting to conceal his true income. I R. 11.

On July 26, 1985, the district court, after inquiring at length whether Appellant understood that consecutive sentences could be imposed, accepted the guilty pleas. The court accepted guilty pleas to the amended information on September 3, 1985, IV R. 10, again inquiring about Appellant's understanding that consecutive sentences could be imposed. IV R. 13. The court then sentenced Appellant as follows:

1) On Count Two of the superseding indictment, 21 U.S.C. § 843(b), use of a communication facility, a term of confinement of four years and a fine of $10,000;

2) On Count Two of the Information, 26 U.S.C. § 7201, willful attempt to evade and defeat, a term of confinement of four years, six months, to run consecutively to the four year sentence imposed on Count Two of the superseding indictment and a fine of $10,000; and

3) On Count One of the criminal information, 18 U.S.C. § 371, conspiracy, a term of confinement of five years, the execution of that sentence being suspended and Appellant being placed on probation for a period of five years, the probation to be consecutive to the sentences imposed on the other criminal counts, including any parole or supervision time.

## II

Appellant argues on appeal that the consecutive sentences imposed violate the Double Jeopardy Clause of the Fifth Amendment and Wharton's Rule. Essentially he

---

1. Appellant waived prosecution by indictment and consented to the proceeding by information. I R. 4. We note that the waiver signed by appellant refers to "21 U.S.C. § 371." However, the parties do not question the fact that the conspiracy charge was alleged under 18 U.S.C. § 371. There being no indication or claim of prejudice, we feel that there is no need to address further this clerical error.

2. An information filed July 26, 1985, charging violations of 18 U.S.C. § 371 and 26 U.S.C. § 7201 was subsequently amended September 3, 1985.

contends that the conspiracy count, as presented by the Government, together with the prosecutor's statements on the other counts, created one *de facto* comprehensive crime. The substantive counts charging violation of 26 U.S.C. § 7201, attempt to evade tax and § 21 U.S.C. § 843(b), use of a communication facility, merged into the conspiracy count under 18 U.S.C. § 371, as they were objects of the conspiracy or means by which the conspiracy was committed. As charged in the indictment, the similarity of the overt acts of the conspiracy and the substantive counts show that they constituted one offense. Further, the language of the criminal counts shows that "certain of the offenses were either lesser included offenses implicating the doctrine of merger or were the functional equivalent of lesser included offenses." Appellant's Opening Brief at 3.

■ As an initial matter, we note that the Government has suggested that Appellant waived his double jeopardy claim by his repeated acknowledgments that the sentences imposed could be consecutive. We disagree. In view of this court's recent decision in *United States v. Broce*, 781 F.2d 792 (10th Cir.1986) (*en banc*), the entry of Appellant's guilty pleas does not bar his double jeopardy claims.

We turn now to the merits of Appellant's contention that his consecutive sentences violate his double jeopardy rights. It is clear that multiple punishment is authorized for violation of separate offenses under Title 21, such as conspiracy to import and conspiracy to possess with intent to distribute. *Albernaz v. United States*, 450 U.S. 333, 339, 101 S.Ct. 1137, 1142, 67 L.Ed.2d 275 (1981). Here, however, Appellant pled guilty to only one Title 21 offense, use of a communication facility. The guilty plea to conspiracy was for a violation of Title 18, not Title 21. Appellant therefore argues that the *Albernaz* rationale does not apply here.

Despite this distinction, we are not persuaded by Appellant's arguments. Appellant pled guilty to three separate criminal charges. Even if this court should view the charges as concerning one comprehensive criminal episode, it is well settled that a single transaction may be punished under separate statutory provisions if conviction on each charge requires proof of a fact not required for conviction under the other statutory provisions. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Timberlake v. United States*, 767 F.2d 1479, 1481 (10th Cir.1985); *see United States v. Genser*, 710 F.2d 1426, 1429 n.3 (10th Cir.1983) (noting rejection by this Circuit of the "same transaction" and "totality of the circumstances" test as a substitute for the *Blockburger* test); *United States v. Neal*, 692 F.2d 1296, 1305–06 (10th Cir.1982).

■ We find no merit in Appellant's contention that sufficient ambiguity exists so that under the rule of lenity, this court should invalidate the consecutive sentences. "The provisions are unambiguous on their face and each authorizes punishment for a violation of its terms." *Albernaz*, 450 U.S. at 336, 101 S.Ct. at 1141. The double jeopardy test does not focus on the acts charged in the indictment or the evidence at trial, but rather on the elements of the crimes. *Timberlake*, 767 F.2d at 1486. *United States v. Rodriquez*, 612 F.2d 906, 919 (5th Cir.1980), *aff'd sub nom., Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). The *Blockburger* test is satisfied here. The essence of the crime of conspiracy is agreement to commit an unlawful act, *Iannelli v. United States*, 420 U.S. 770, 777, 95 S.Ct. 1284, 1289–90, 43 L.Ed.2d 616 (1975), which element is not involved in the offenses of tax evasion or illegal telephone use. Likewise, use of a telephone to commit or facilitate a drug-related felony is not a required element of a tax evasion offense. The elements required to prove commission of the three crimes to which Appellant pled guilty are distinct under *Blockburger*; accordingly the consecutive sentences imposed pursuant to each statutory provision do not violate the Double Jeopardy Clause. *Albernaz*, 450 U.S. at 344 and n. 3, 101 S.Ct. at 1145 and n. 3.

We also reject the argument that the substantive counts merge into the conspiracy count under 18 U.S.C. § 371. We find *Iannelli v. United States, supra,* to be controlling. In *Iannelli,* the Court determined that "[h]ad Congress intended to foreclose the possibility of prosecuting conspiracy offenses under § 371 by merging them into prosecutions under § 1955, we think it would have so indicated explicitly." 420 U.S. 789, 95 S.Ct. at 1296. Likewise, in the instant case the substantive offenses punished by 21 U.S.C. § 843(b), unlawful use of a communication facility to facilitate the distribution and possession with intent to distribute a scheduled II controlled substance, and 26 U.S.C. 7201, attempt to evade and defeat taxes, fail to invoke the concerns which underlie the law of conspiracy. For these same reasons, Appellant's reliance on *Wharton's Rule* is misplaced. *Iannelli,* 420 U.S. at 789–91, 95 S.Ct. at 1295–97.

Defendant relies on *United States v. Sutton,* 642 F.2d 1001 (6th Cir.1980) (*en banc*), in which the Sixth Circuit vacated sentences under 18 U.S.C. § 1962(d) which had been made consecutive to sentences under § 1962(c). The court remanded for imposition of concurrent sentences because "the proofs in this record showing these defendants violated § 1962(c) and § 1962(d) were identical" so that for sentencing purposes the convictions for conspiracy counts under § 1962(d) merged with the substantive counts under § 1962(c). *Id.* at 1040. We reject *Sutton's* reasoning because, like other courts that have considered *Sutton* in the context of RICO and have found it unpersuasive, we find *Sutton* inconsistent with *Blockburger* and *Iannelli* here. *See, e.g., United States v. Marrone,* 746 F.2d 957, 959 (3d Cir.1984); *United States v. Watchmaker,* 761 F.2d 1459, 1477 (11th Cir.), *reh. denied,* 766 F.2d 1493 (11th Cir. 1985), *cert. denied sub nom. Harrell v. United States,* —— U.S. ——, 106 S.Ct. 879, 880, 88 L.Ed.2d 917 (1986); *United States v. Hawkins,* 516 F.Supp. 1204, 1206–08 (M.D.Ga.1981), *aff'd without opinion,* 671 F.2d 1383 (11th Cir.1982) (all rejecting *Sutton* ). *See also United States v. Bagaric,* 706 F.2d 42, 63 n. 18 (2d Cir.), *cert. denied,* 464 U.S. 840, 917, 104 S.Ct. 134, 283, 78 L.Ed.2d 128, 261 (1983); *United States v. Rone,* 598 F.2d 564, 570–71 (9th Cir.1979), *cert. denied sub nom. Little v. United States,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980) (both holding, without citing *Sutton,* the conspiracy counts do not merge into substantive counts under RICO and consecutive sentences were proper).

Likewise we find unpersuasive here the contention that some of the charges were lesser included offenses of others, so that the Double Jeopardy Clause was infringed by the sentences. *See United States v. Neal,* 692 F.2d at 1306.

### III

We conclude that Appellant's claims of error are without merit and the judgment and sentences are accordingly

AFFIRMED.