LYNCH, Circuit Judge,
(concurring in part and concurring in the judgment).
I join the analysis of the majority in rejecting Patel’s claim that the evidence was insufficient to convict. As to the double jeopardy claim, I join in the judgment. Because this claim was not raised below, our review is only for plain error.
Patel must concede that if the mail fraud conviction is compared one-on-one with the 18 U.S.C. § 844(h)(1) (using fire to commit a felony) conviction, then there is no double jeopardy issue because Congress intended an enhanced sentence. He also must concede that if his arson conviction alone is compared one-on-one with the § 844(h)(1) conviction, then there is no double jeopardy problem because the elements are different. However, Patel’s claim raises an interesting issue not addressed directly by this court or the United States Supreme Court. His argument is that when the elements of the arson conviction and the elements of the mail fraud conviction are combined together and then compared with the elements of the § 844(h)(1) conviction, the Blockburger test is not met. Cf. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
For each of the arson and mail fraud convictions Patel received concurrent 84 month (seven year) sentences with mandatory special assessments. It was the conviction for using fire to commit a felony under § 844(h)(1) that added another ten years to the sentence. Necessarily then, there is a second prong to Patel’s argument: that the Double Jeopardy Clause having been violated, the case should be remanded to the district court where, he argues, it is the court, and not the prosecutor, which should have the choice as to which of the duplicative convictions to vacate. Because the district court judge considered this case an extreme example of overcharging by the government that produced a sentence that was inherently unfair and excessive, it is fairly clear that the district court would choose to vacate the § 844(h)(1) conviction.
On the threshold question — whether there is any double jeopardy violation — we first ask whether there are indications that Congress intended, via § 844(h)(1), to add a ten-year sentence where someone has been convicted of arson and convicted of a different felony that forms the underlying basis for the § 844(h)(1) conviction. See Missouri v. Hunter, 459 U.S. 359, 368-69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). As the majority notes, there is no legislative history on this point, and one cannot say with certainty that Congress did or did not intend to add a ten-year sentence in these combination circumstances.
*119 We then revert to the Blockburger test. That test is usually applied to only two offenses, to compare the elements of the one with the elements of the other. Here, Patel asks us to engage in a Blockburger comparison of three offenses. I see no reason in theory why his proposed test— that each offense must contain an element not contained in the sum of the elements of the other offenses — should not apply. See United States v. Corona, 108 F.3d 565, 572 (5th Cir.1997); see also United States v. Davis, 793 F.2d 246, 248 (10th Cir.1986). Corona is the only case involving a Block-burger comparison of a combination of elements, from offense A and offense B, with the elements of an offense C that uses offense B as its underlying felony predicate. As the majority correctly points out, Corona is distinguishable based on the different crimes charged in that case. But the “combination” claim raised by Patel is not obviously without merit.
The intuitive appeal of Patel’s claim lies in the fact that the same “fire” was used to prove both the arson offense and the § 844(h)(1) offense. If the fire used to prove the arson had been different from the fire used to perpetrate the underlying felony in the § 844(h)(1) conviction, then the situation would be different. The majority reasons that, even assuming that under Blockburger each offense must contain an element not contained in the sum of the elements of the other two offenses, Patel’s argument still most likely fails because the § 844(h)(1) offense does require proof of an additional element not contained in the sum of the elements of arson and mail fraud: namely, that Patel used fire in order to commit the mail fraud. That response to Patel’s combination claim is entirely sensible.
But it may not comport with the way in which we are supposed to separate out the elements of an offense for Blockburger purposes. We do not have direct guidance from the Supreme Court on how to approach this type of combination claim. The government did have to connect the use of fire in the arson to the mail fraud in order to gain a conviction under § 844(h)(1). But common sense suggests that once the government proved the elements of the arson charge (using fire to burn down a building) and the elements of the mail fraud charge (which in this case involved an insurance fraud scheme tied to the very fire in the very building involved in the arson charge), the connection between the two charges was already made and thus all of the elements of the § 844(h)(1) offense were already proven.[9]
In Corona, Judge Higginbotham noted that, in a combination case where an offense B is also the felony underlying the § 844(h)(1) offense, the overlay of § 844(i) and § 844(h)(1) could well result in a double jeopardy violation if it were impossible for the § 844(h)(1) underlying felony (offense B) to be accomplished by a different “fire” from the “fire” used to accomplish the arson. But because, hypothetically, two different fires could be involved, the Corona court concluded that the elements of § 844(i) and § 844(h)(1) were not necessarily the same. Under one approach to Blockburger, the analysis would end there: because two different fires could be involved in the § 844(i) and § 844(h)(1) offenses, the fact that the same fire is involved in both offenses in a particular case would be irrelevant. Corona declined to follow such a technical approach to analyz *120 ing the elements of offenses under Block-burger, citing to the rule that “[tjhere may be instances in which Congress has not intended cumulative punishments ..., notwithstanding the fact that each offense requires proof of an element that the other does not.” Corona, 108 F.3d at 574 (quoting Whalen v. United States, 445 U.S. 684, 693 n. 7, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)). Instead, the Corona court held that double jeopardy was violated because there was no evidence that the defendants had actually used a different fire to carry out the § 844(h)(1) underlying felony from the fire used to perpetrate the arson.
The majority opinion suggests that sort of fact-based consideration of the offenses in a Blockburger analysis is inappropriate. This court has said that under Blockburger one looks to the elements of each offense rather than to the evidence used to prove each element. United States v. Lanoue, 137 F.3d 656, 661 (1st Cir.1998). But even that rule does not preclude, in some instances, looking at the facts underlying the convictions. After all, it is also our rule that if a conspiracy offense is “actually used to establish the ‘continuing series of violations’ and ‘in concert’ requirements needed to show an enterprise under 21 U.S.C. § 848,” then double jeopardy bars the § 848 punishment. Stratton v. United States, 862 F.2d 7, 9 (1st Cir.1988) (per curiam). Further, when a statute references several other offenses, as § 844(h)(1) does, with a term as broad as “felony” (and thus does not set forth language combining the hew elements with those of the specific underlying offenses), there may be some role for the facts in determining whether there is a Blockburger violation. Cf. Whalen, 445 U.S. at 708-12, 100 S.Ct. 1432 (Rehnquist, J., dissenting) (suggesting that the Blockburger test may be misdirected when applied to statutes defining compound and predicate offenses). The law in this area is not marked by clarity.
The majority’s reasoning may be correct, but I am uncomfortable endorsing it with any certainty. Nevertheless, one thing that is certain is that there was no “plain” error here.
Going beyond that, even if Patel were correct on his first argument, it is not at all clear that it would do Patel much good. As to the second of his arguments, under the case law, the choice of which of two convictions to vacate where those convictions carry non-concurrent sentences appears to belong to the government, not the district court. See United States v. Walters, 351 F.3d 159, 173 (5th Cir.2003); Corona, 108 F.3d at 574-75; United States v. Graham, 60 F.3d 463, 469 (8th Cir.1995). Although there is some law from other circuits which leaves the choice of which conviction to vacate to the district court where two convictions resulted in concurrent sentences, see, e.g., United States v. Hebeka, 25 F.3d 287, 291 (6th Cir.1994); United States v. Thomas, 810 F.2d 478, 479-80 (5th Cir.1987), that situation is obviously different. It is not impossible, if given the choice, that the government might revisit its charging decision in this case, which has led to a seventeen-year sentence for a first-time offender who is the father of three young children. But thus far, the government has withstood the district judge’s entreaties that it reconsider and has not given any indication it will change its view. If the choice belongs to the prosecutor, even if Patel were to prevail on his first argument, that victory would most likely be pyrrhic.

. Although the arson statute, 18 U.S.C. § 844(i), does not literally employ the phrase “uses fire,” it does employ the phrase “by means of fire.” And this court has determined that the term "uses” fire in § 844(h)(1) is the equivalent of "by means of” fire. United States v. Ruiz, 105 F.3d 1492, 1503-04 (1st Cir.1997).